# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Yvette McDowell, : | |
| On behalf of Ricardo McDowell : | |
| 1345 Harvard St. NW : | |
| Washington, D.C. 20009 : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| DISTRICT OF COLUMBIA, : | |
| A Municipal Corporation : | Civ. A. No: |
| One Judicial Square : | |
| 441 Fourth Street, N.W. : | |
| Washington, D.C. 20001 : | |
| : | |
| to serve: : | |
| : | |
| MURIEL BOWSER, MAYOR : | |
| District of Columbia : | |
| 441 4th St. N.W., 11th Fl. : | |
| Washington, D.C. 20002 : | |
| : | |
| KARL A. RACINE : | |
| ATTORNEY GENERAL : | |
| District of Columbia : | |
| 441 4th Street, N.W., 11th Fl. : | |
| Washington, D.C. 20002 : | |
| : | |
| Defendant. | |

## **COMPLAINT**

COMES NOW Plaintiff, Ms. Yvette McDowell ("Ms. McDowell") by and through the undersigned counsel, as a party aggrieved by a hearing officer's decision to respectfully request this Court to reverse a hearing officer's decision, award compensatory education, and award reasonable attorneys' fees. The Plaintiff pleads as follows:

1

**PRELIMINARY STATEMENT**

1. This is an appeal of a Hearing Officer's Determination ("HOD") issued March 15, 2018 which failed to find a denial of a Free Appropriate Public Education ("FAPE") although Riccardo McDowell (Mr. McDowell) has not had an educational placement or delivery of any IEP services.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C §§ 1400-1461 and declaratory relief is authorized by 28 U.S.C §§ 2201, 2202.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**PARTIES**

4. Plaintiff, Ms. McDowell is a resident of the District of Columbia ("the District") and is the educational decision-maker for her twenty-year-old son, Ricardo McDowell.

5. Ms. McDowell resides in the District of Columbia.

6. Defendant, the District of Columbia Government, is a municipal corporation that receives federal funds pursuant to the IDEA, to ensure access to a free and appropriate public education ("FAPE") to all children until twenty-one years of age under federal law and twenty-two years of age under the local law. *See* 20 U.S.C. § 1411; 5-E D.C.M.R. §§ 3001, 3004. The District is obligated to comply with all applicable federal regulations and statutes including but not limited to the IDEA. *See* 20 U.S.C. § 1412 (a)(1)(A). The District of Columbia Public Schools ("DCPS") and the Office of the State Superintendent for Education ("OSSE") are *non-sui juris* of the District of Columbia.

## FACTUAL BACKGROUND

*Introduction*

7. Mr. McDowell is eligible to receive special education and related services due to an intellectual disability and Prader-Willi Syndrome.

8. Mr. McDowell has an Individualized Education Program ("IEP") requiring specialized instruction of 27 hours per week and 2 hours per month of behavioral support services. Exhibit 1, HOD at 4.

9. Mr. McDowell requires a full-time dedicated aide. *Id*.

*The March 2018 Administrative Hearing and Determination*

10. On February 26, 2018, Ms. McDowell filed an administrative due process complaint alleging, *inter alia*, that the Defendant denied Mr. McDowell a FAPE when it failed to provide *any* services following Mr. McDowell's expulsion from Joseph P. Kennedy, a private school, on February 14, 2018. *Id*. at 1, 4.

11. Mr. McDowell's multiple disabilities manifest in physical and verbal aggression, previously resulting in police intervention and psychiatric hospitalizations. *Id*. at 7.

12. On February 9, Mr. McDowell was involved in an incident that required his restraint, police intervention, and ultimately hospitalization. *Id*. at 8.

13. As a result, Mr. McDowell was expelled from the non-public school he attended. *Id*.

14. A manifestation determination meeting was held shortly after the incident where the non-public school determined Mr. McDowell's conduct was not a manifestation of his disability without even reviewing his IEP. *Id*. at 9.

15. Ms. McDowell filed the underlying action to challenge the manifestation determination and to secure an appropriate educational placement for Mr. McDowell following his expulsion.

16. The hearing officer determined that the District did not meet its burden to show that the manifestation determination was correct. The hearing officer noted,

    "For purposes of this analysis, the undersigned concludes that DCPS did not meet its burden of persuasion that the 2/9/18 incident was not a manifestation of Student's disability, both because a proper analysis was not conducted by the team, including review of Student's IEP, and on the substantive conclusion of Student's conduct not being caused by, or at least having a direct and substantial relationship to, Student's disability." *Id*. at 15.

17. Despite the determination that Mr. McDowell's conduct was a manifestation of his disability, the hearing officer found that the District's ongoing failure to place Mr. McDowell resulted in no denial of FAPE. *Id*. at 14.

18. The hearing officer did not require DCPS to provide interim services, despite the conclusion that it was very hard to find a placement for Mr. McDowell. *Id*. at 14, 16.

19. The District has referred Mr. McDowell to 13 placements, and has received rejections from 12 of those placements as of June 11, 2018. Ex. 2, Placement Correspondence.

20. Mr. McDowell has received no interim services while waiting for an appropriate placement, and has missed approximately 405 hours of specialized instruction and 7.5 hours of behavior support services as of the filing of this Complaint.

21. As a consequence of the hearing officer's determination, Mr. McDowell remains without an educational placement, and without any interim services.

## COUNT I

**The Hearing Officer erroneously concluded that a student with a full time IEP is not denied a FAPE when that student is provided no educational placement or services.**

22. Plaintiff reincorporates paragraphs 1-21 and reasserts them as part of Count I.

23. When a student's conduct is a manifestation of their disability, schools generally may not punish them. 34 C.F.R. § 300.530.

24. When an eligible student is removed from their educational placement for more than 10 school days in the same school year, the local education agency must provide services for the duration of that removal. *Id.*

25. The hearing officer properly determined that the conduct resulting in Mr. McDowell's expulsion was a manifestation of his disabilities.

26. In the instant case, contrary to the IDEA's requirements, Mr. McDowell has received no interim services while he awaits a placement assignment, and the hearing officer found that the ongoing complete lack of services did not deny Mr. McDowell a FAPE.

27. The hearing officer concluded that Mr. McDowell receiving *none* of his IEP services did not deny Mr. McDowell a FAPE. *Contra Turner v. District of Columbia*, 952 F. Supp. 2d 31, 42 (D.D.C. 2013) ("Because of the significant difference between [the IEP's direction] and that which was actually received, the Court concludes that the Hearing Officer was incorrect in her finding that [the Student] was not denied a FAPE.").

28. This Court should overturn the HOD and find that the District denied, and continues to deny, Mr. McDowell a FAPE when it failed to adequately find an alternative placement, and failed to provide appropriate services in the interim.

**RELIEF**

Based on the foregoing, Ms. McDowell respectfully requests the following relief:

1. This Court should overturn the hearing officer's decision and find that the Defendant denied Mr. McDowell a FAPE by failing to provide any placement or IEP services for more than three months;

2. Additionally, this Court should remand this case to the hearing office to determine the appropriate amount of compensatory education to remedy the ongoing denial of FAPE;

3. Award Plaintiff reasonable attorney's fees and costs for the preparations and litigation of the underlying action and this Complaint; and

4. Award Plaintiff any other relief that this Court deems just and proper.

Respectfully Submitted,

_____/s/ (electronically signed\_\_\_\_\_
Charles Moran [970871]
Stevie Nabors [1016291]
1100 H Street N.W. Ste 260
Washington, D.C. 20005
(202) 450-2864
charles.moran@camoranlaw.com
steve.nabors@camoranlaw.com
*Attorneys for Plaintiff*

June 11, 2018