**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| STEVEN SCHIFF, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 18-cv-1382 (KBJ) |
| DISTRICT OF COLUMBIA, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION ADOPTING**
**REPORT & RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Steven Schiff[1] brings this action on behalf of his ward, Ricardo McDowell, pursuant to the Individuals with Disabilities Education Act ("IDEA"). (*See* Compl., ECF No. 1.)[2] In 2018, Plaintiff pursued a due process complaint against the District of Columbia Public Schools ("DCPS") alleging that McDowell had been denied a free appropriate public education ("FAPE"), as required by the IDEA, when DCPS failed to identify a new location of services following McDowell's expulsion from his nonpublic school. (*See* AR, ECF No. 8-1, at 3.) On March 15, 2018, a Hearing Officer with the District of Columbia Office of the State Superintendent of Education determined that McDowell had not been denied a FAPE. (*See id.* at 15–16.) Subsequently, Plaintiff filed the instant lawsuit against the District of Columbia

---

[1] This action was originally commenced by Yvette McDowell, the mother and co-guardian of the student at issue in this matter. Following notice of her death, on October 9, 2019, this Court granted Plaintiff's Motion to Substitute Party and substituted co-guardian Steven Schiff for Ms. McDowell as the plaintiff in this matter. (*See* Minute Order of Oct. 9, 2019.)

[2] Page numbers herein refer to those that the Court's electronic case filing system automatically assigns.

("Defendant") seeking a reversal of the Hearing Officer Determination and remand of the case to "determine the appropriate amount of compensatory education to remedy the [alleged] denial of FAPE[.]" (*See* Compl. at 5.)

On June 12, 2018, this Court referred this matter to a Magistrate Judge for full case management. (*See* Min. Order of June 12, 2018.) On September 24, 2018, Plaintiff filed a motion for summary judgment asking the Court to reverse the Hearing Officer Determination and to remand the matter for further proceedings, arguing that the Hearing Officer erred as a matter of law when he found that there had been no denial of a FAPE because DCPS had tried but had been unable to find a new placement for McDowell. (*See* Pl.'s Mem. of Points & Auths. in Support of Pl.'s Mot. for Summ. J., ECF No. 10-1, at 4–5.) Thereafter, on October 29, 2018, Defendant filed a cross-motion for summary judgment, arguing that the Court should affirm the Hearing Officer Determination, on the grounds that it is impossible to provide McDowell a FAPE due to an inability to find any school willing to accept him, and that McDowell has "unclean hands" given the violent behavior which lead to his expulsion. (Def.'s Mem. in Supp. of Def.'s Cross Mot. for Summ. J. & Opp'n to Pl.'s Mot. for Summ. J., ECF No. 13, at 8–12.)

Before this Court at present is the Report and Recommendation that the assigned Magistrate Judge, Deborah A. Robinson, filed regarding the parties' cross motions for summary judgment. (*See* R. & R., ECF No. 19.)[3] The Report and Recommendation reflects Magistrate Judge Robinson's opinion that Plaintiff's motion for summary judgment be granted, and that Defendant's cross motion must be denied. (*See id.* at 17.)

---

[3] The Report and Recommendation, which is 17 pages long, is attached hereto as Appendix A.

Specifically, Magistrate Judge Robinson finds that Plaintiff has met his burden that the administrative record as a whole does not support the Hearing Officer Determination and that the Hearing Officer erred in finding that the law only required DCPS to take "prompt action" to find a new placement rather than obligating it to provide Mr. McDowell a FAPE.  (*See id*. at 10–11.)  Magistrate Judge Robinson also finds that the defense of impossibility does not apply in this case, and that Defendant has not made the required showing of an unexpected occurrence or of actual and objective impossibility.  Magistrate Judge Robinson further finds that the doctrine of unclean hands does not apply, because the application of that doctrine would undermine the purpose of the IDEA.  (*See id*. at 11–16.)

In addition to articulating these conclusions, Magistrate Judge Robinson's Report and Recommendation also advises the parties that either party may file written objections to the Report and Recommendation, which must include the portions of the findings and recommendations to which each objection is made and the basis for each such objection.  (*Id.* at 17.)  The Report and Recommendation further advises the parties that failure to file timely objections may result in waiver of further review of the matters addressed in the Report and Recommendation.  (*Id*.)  Under this Court's local rules, any party who objects to a Report and Recommendation must file a written objection with the Clerk of the Court within 14 days of the party's receipt of the Report and Recommendation.  LCvR 72.3(b).  The due date for objections to be filed in the instant case has passed, and none have been filed.

This Court has reviewed Magistrate Judge Robinson's report and agrees with her thorough analysis and conclusions.  Thus, the Court will **ADOPT** the Report and

Recommendation in its entirety. Accordingly, Plaintiff's Motion for Summary Judgment will be **GRANTED**, and Defendant's Cross Motion for Summary Judgment will be **DENIED**.

A separate Order accompanies this Memorandum Opinion.

DATE: November 1, 2019

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge